Henry D. Madsen, ISBA# 4428
Madsen Law Offices, PC
1044 Northwest Blvd, Ste B
Coeur d'Alene, ID 83814
(208) 664-8080
(208) 664-6258 Facsimile
hd.madsenlaw@outlook.com

Douglas Phelps. ISBA# 4755
Phelps & Associates
2903 North Stout Road
Spokane, WA 99206
(509) 892-0467
(509) 921-0802 Facsimile
phelps@phelpslaw1.com

Attorneys for Cindy Childs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY CHILDS, a married person,<br><br>        Plaintiff,<br><br>vs.<br><br>J&D RESTAURANTS, INC., d/b/a Denny's, a Washington corporation; and DENNY'S INC., a foreign corporation; and JEFF WEITMAN and JANE DOE WEITMAN, individually and as husband and wife, and the marital community comprised thereof; JOSEPH G. MARTIN and JANE DOE MARTIN, individually and as husband and wife, and the marital community comprised thereof; JEREMY T. COOK, individually and as husband and wife, and the marital community comprised thereof.<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **Discrimination and Harassment in Violation of Title VII of the Civil Rights Act;**<br>2. **Retaliation in Violation of Title VII;**<br>3. **Discrimination and Retaliation in Violation of Title 7, Chapter 59 of the Idaho Code;**<br>4. **Vicarious Liability;**<br>5. **Intentional Inflection of Emotional Distress; and**<br>6. **Negligent Hiring, Supervision, and/or Training of Employees** |

**COMPLAINT…1**

COMES NOW, Plaintiff Cindy Childs, by and through her attorney, Henry D. Madsen of Madsen Law Offices, P.C., and Douglas Phelps of Phelps and Associates, P.S., and complains and alleges as follows:

## I.    PARTIES, JURISDICTION AND VENUE

1.1    Venue is proper in this Court, and this Court had jurisdiction over the parties as set forth below.

1.2    Plaintiff currently is staying in Utah but maintains a residence in Idaho.  Plaintiff at all times relevant to this action, resided in Coeur d'Alene, Kootenai County, Idaho.

1.3    Upon information and belief, at all times relevant hereto, Defendant J&D Restaurants, Inc, d/b/a Denny's was a Washington corporation doing business as Denny's located on North Fourth Street in Coeur d'Alene, Idaho.

1.4    Upon information and belief, at all times relevant hereto, Defendant Denny's, Inc. was a foreign corporation conducting business on North Fourth Street in Coeur d'Alene, Idaho.

1.5    Upon information and belief, at all times relevant hereto, Defendant Jeff Weitman and Jane Doe Weitman are husband and wife and resides in Coeur d'Alene, Kootenai County, Idaho.  Jeff Weitman was an employee of Denny's on North Fourth Street in Coeur d'Alene, Idaho at all times relevant hereto.

1.6    Upon information and belief, at all times relevant hereto, Defendant Joseph G. Martin and Jane Doe Martin are husband and wife and resides in Post Falls, Kootenai County, Idaho.  Joseph G. Martin was an employee of Denny's on North Fourth Street in Coeur d'Alene, Idaho at all times relevant hereto.

1.7    Upon information and belief, at all times relevant hereto, Defendant Jeremy T. Cook and Jane Doe Cook are husband and wife and resides in Coeur d'Alene, Kootenai County, Idaho.  Jeremy T. Cook was an employee of Denny's on North Fourth Street in Coeur d'Alene, Idaho at all times relevant hereto.

1.8    This Court has jurisdiction over the subject matter of this action because all relevant acts/omissions in this action occurred within Kootenai County, State of Idaho.

1.9    This Court has original jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. §§2000e, et seq., and applicable laws cited herein.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which provide for injunctive relief and other relief for illegal employment discrimination, harassment, and retaliation.  The amount in controversy in this action exceeds the jurisdictional limits of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

COMPLAINT...3

1.10    Venue is proper in the District of Idaho pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Idaho, and applicable laws cited herein as the alleged discrimination and damage occurred in this district and the Defendants maintains a place of business in this District.

1.11    Plaintiff complied with all of the administrative and/or procedural requisites to file suit against the Defendants under Title VII of the Civil Rights Act of 1964 (as amended); Title 67, Chapter 59 of the Idaho Code; 42 U.S.C. §2000e, et seq.; and applicable laws cited herein.

1.12    Plaintiff was an "employee" of Defendants under Title VII of the Civil Rights Act of 1964 (as amended); Title 67, Chapter 59 of the Idaho Code; 42 U.S.C. §2000e, et seq.; and applicable laws cited herein.

1.13    Defendants, at all time pertinent, was an employer as defined by Title VII of the Civil Rights Act of 1964 (as amended); Title 67, Chapter 59 of the Idaho Code; 42 U.S.C. §2000e, et seq.; and applicable laws cited herein.

## II.    FACTS

2.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through II above as though fully set forth at length.

COMPLAINT...4

2.2    Under information and belief, Defendant J&D Restaurants, Inc. is a franchisee of Defendant Denny's Inc, doing business as Denny's in Eastern Washington and Northern Idaho.

2.3    Under information and belief, Defendants have an agreement by which Defendant J&D Restaurants, Inc. is an employee, agent, joint venturer, partner, subsidiary, or other related business entity of Defendant Denny's, Inc., and Defendant Denny's, Inc. has the power to exert control over the J&D Restaurants, Inc.'s day to day operations.

2.4    Under information and belief, Defendant Denny's Inc. had and still has the ability to exert control over J&D Restaurants, Inc.'s day to day operation by dictating the contents of its manuals and training programs, termination procedures for the franchise/business agreement, hours of operation, menus, signage, inspections, disciplinary procedures for employees, profit sharing and distribution, and direct involvement in complaints and claims made against the J&D Restaurants, Inc. in addition to other aspects of their business operation.

2.5    On November 14, 2015, Plaintiff began working at Denny's on North Fourth Street in Coeur d'Alene, Idaho.

2.6    Plaintiff is an employee within the meaning of Title VII and other applicable laws cited herein.

COMPLAINT...5

2.7    Defendant Jeff Weitman worked for Denny's on North Fourth Street in Coeur d'Alene, Idaho as a dishwasher sometime after Plaintiff.

2.8    Defendant Joseph G. Martin worked for Denny's on North Fourth Street in Coeur d'Alene, Idaho as a night manager at all time relevant.

2.9    Defendant Jeremy T. Cook worked for Denny's on North Fourth Street in Coeur d'Alene, Idaho as a site manager at all times relevant.

2.10    Defendant Jeff Weitman would block Plaintiff's way in and out of the kitchen. He would also stare and leer at Plaintiff while working.

2.11    Defendant Jeff Weitman would wait outside the restaurant, after his shift and wait for Plaintiff to leave.

2.12    On or about February 24, 2016, Defendant Jeff Weitman sent photos of his penis to Plaintiff via Facebook messenger.

2.13    Plaintiff brought her complaints to Joey Martin, the night manager. Defendant Martin laughed about it. No action by management was taken.

2.14    Other employees were aware of the situation and came forward with their concerns but no action was taken by management.

2.15    On March 10, 2016, after feeling nothing had changed in Defendant Jeff Weitman's behavior, Plaintiff brought her concerns again to Joey Martin, the night manager for Denny's. Inc. Mr. Martin told Plaintiff that he spoke to and provided the pictures to upper management and there was nothing he could do and

COMPLAINT...6

that Plaintiff would have to deal with it because she would be working alone with Defendant Weitman the next night.

2.16    It is of information and belief by Plaintiff that Denny's management would not protect Plaintiff from the sexual harassment by WEITMAN.

2.17    It is of information and belief that Denny's management made the statements with the intent to get Plaintiff to quit due to her complaint.

2.18    Plaintiff did not return to work because of management's failure to take care the ongoing behaviors of Defendant Jeff Weitman.

2.19    As a result of the inaction taken by Defendants J&D Restaurants, Inc. and Denny's Inc, Plaintiff suffered physical and emotional harm.

2.20    That Plaintiff has a history of agoraphobia.

2.21    That Plaintiff prior to becoming employed by Denny's had been treating through counseling for her agoraphobia, extreme PTSD, anxiety and panic disorder

2.22    The harm affected Plaintiff's agoraphobia causing her extreme stress which has limited her ability to maintain employment or leave her home to take care of her every day needs.

2.23    That Defendants knew that Plaintiff suffered from agoraphobia and anxiety and was taking medication for the same.

2.24   That when Plaintiff became upset with Denny's management because they were not protecting her from sexual harassment, management told her to take one of her "chill pills" and laughed at Plaintiff.

2.25   The harm requires Plaintiff to seek medical care and physiological care.

2.26   It is of information and belief that at least one other employee made a similar complaint regarding Defendant Jeff Weitman's behavior.

2.27   Defendants J&D Restaurants, Inc. and Denny's, Inc. are parties to a franchise agreement and at all times relevant to had an agency relationship.

2.28   Defendants, its managers, employees and agents further retaliated against Plaintiff by making her work alone with Defendant Weitman, subjecting her to unjustified discipline.

2.29   Defendants knew or should have known of the sexual harassment and gender based hostile work environment, but it failed to take prompt, corrective or remedial action.

2.30   Defendant knew or should have known by their comments, Plaintiff would not be able to return to work.

2.31   Accordingly, Defendants are liable for the sexual harassment and a gender-based hostile work environment perpetrated but its manager and employees in violation of Title VII.

COMPLAINT...8

2.32   The effect of the practices complained of above have deprived Plaintiff and other similarly situated females of equal employment opportunities, altered their conditions of employment and otherwise adversely affected their status as employees because of their gender in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e(a), and other applicable laws cited herein.

2.33   The unlawful employment practices complained of herein were committed intentionally.

2.34   The unlawful employment practices complained of above were done and/or allowed to be done with malice or reckless indifference to the federally and statutorily protected rights of Plaintiff and other similarly situated female employees.

2.35   Plaintiff filed charges of discrimination on the basis of sex and retaliation against Defendants on or around June 6, 2016 with the Equal Employment Opportunity Commission (EEOC) and Idaho Human Rights Commission (IHRC).

2.36   Upon investigation, the EEOC deferred to IHRC's findings of no probable cause to believe that unlawful discrimination has occurred.

2.37   Plaintiff received a Notice of Right to Sue on February 24, 2017.

2.38   Since leaving Denny's, Plaintiff has sustained substantial wage loss and other associated financial losses.

2.39    That    Defendants'    conduct    constitutes    retaliatory    constructive termination

2.40    Since leaving Denny's, Plaintiff has suffered severe emotional distress that has required medical treatment and the use of medications.

### III.    FIRST CAUSE OF ACTION
**(Unlawful Employment Practices: Discrimination and Harassment on the Basis of Sex and Gender Against all Defendants)**

3.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through II above as though fully set forth at length.

3.2    Plaintiff is a female who was discriminated and harassed because of and/or on the basis of sex and gender, and thus belongs to the class of individuals protected by Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. §2000e, et. seq.; and 42 U.S.C. §1981.

3.3    Under the applicable laws cited herein, Defendants have the obligation to provide a workplace free of discrimination and harassment on the basis of race, sex, gender and national origin, amongst other enumerated categories.  Plaintiff has the same rights in every State, among other things, to the full and equal benefit of the laws and proceedings for the security of person and property as enjoyed by all citizens, and shall, among other things, be subject to like exactions of every kind, and to no other.

3.4    During the course of her employment, Plaintiff was subjected to discrimination, harassment, a hostile work environment, and differential treatment by Defendants, their employees, management, agents and/or representatives because of her sex.  The harassment occurred at work through forced sexual encounters, text messages, and in-person communications that were sexually explicit in nature and included, but were not limited to: sexually explicit conversation, requests, and photographs, and threats against her employment by requiring her to work alone with Defendant Weitman, and stalking Plaintiff by waiting for Plaintiff at her car after shift.

3.5    Defendants subjected Plaintiff to discrimination, harassment, differential terms and conditions in her employment by reason of her sex and/or gender.

3.6    Plaintiff complained to Defendants about the repeated discrimination, harassment, differential treatment because of her sex and/or gender but Defendants ignored, neglected, failed and/or refused to address the same.

3.7    Upon information and belief, other employees of the Defendants who were men and/or otherwise not the same protected class of Plaintiff were not subjected to the same differential treatment and mistreatment as Plaintiff, with Plaintiff being treated less favorable because of her sex and/or gender.

3.8    Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and Idaho Human Rights Commission against Defendants alleging discrimination based on sex/gender.

3.9    The conduct of Defendants described in this Complaint constitutes unlawful discrimination in violation of Sec. 703(a) of Title VII; 42 U.S.C. §2000e, et seq.; and covered under 42 U.S.C. § 1981.

3.10  Defendants' policy and practice allowing disparate terms and conditions of employment, including, but not limited to, discrimination on the basis of sex and/or gender and hostile work environment constitutes a knowing and intentional pattern and practice of discrimination in violation of the applicable laws cited herein.

3.11  As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims compensatory and punitive damages from Defendants. The above described acts of Defendants were intentional and done with malice or reckless indifference for Plaintiff's protected rights.

3.12  As a further result of Defendants' above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## IV.    SECOND CAUSE OF ACTION
## Retaliation in Violation of 42 U.S.C. Section 2000e-3, and
## Title VII of the Civil Rights Act Sec. 704(A), Against all Defendants

4.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through III above as though fully set forth at length.

4.2    Defendants, their employees, managements, agents, and/or representatives retaliated against Plaintiff in violation of 42 U.S.C. §2000e-3; and Title VII of the Civil Rights Act, Sec. 704(A) by making demeaning sexual comments towards her, laughing off her complaints, subjecting her to unwarranted discipline by making her work alone with Defendant Weitman, in addition to other acts.    This retaliation was done because of Plaintiff's participation in and/or opposition to practices and/or actions of Defendants that were unlawful under all applicable laws cited herein.

4.3    Defendants retaliated against Plaintiff because Plaintiff opposed that which she reasonably and in good faith believes to be unlawful discrimination and harassment in her employment, and also because Plaintiff complained about said harassment and discrimination.

4.4    As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims compensatory and punitive damages from Defendants.

4.5    The above described acts of Defendants were intentional and malice and reckless indifference for Plaintiff's protected rights.

4.6    Plaintiff is entitled to all legal and equitable remedies available under U.S.C. §2000e; Title VII of the Civil Rights Act, Sec. 704(A); and 42 U.S.C. §1981 as a result of the retaliation suffered as a direct result of Defendants' conduct.

4.7    As a further result of Defendants' above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## V.    THIRD CAUSE OF ACTION
### (Discrimination, Hostile Work Environment, and Retaliation on the Basis of Sex and Gender Pursuant to Title 67, Chapter 59 of the Idaho Code against all Defendants)

5.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through V above as though fully set forth at length.

5.2    The above discrimination, harassment hostile work environment and retaliatory termination by Defendants constitutes unlawful discriminatory employment practices under Title 67, Chapter 59 of the Idaho Code.

5.3    As a direct and proximate result of Defendants' discriminatory acts, Plaintiffs have suffered and shall continue to suffer financial harm, lost wages, loss of earning capacity, and severe physical and emotional distress for which they claim compensatory and punitive damages from Defendants.

**COMPLAINT...14**

5.4    As a further result of Defendants' above described actions, Plaintiffs have been required to obtain the services of an attorney to prosecute this action, and are therefore entitled to attorney's fees and costs.

## VI.    FOURTH CAUSE OF ACTION
### (Agency Theory & Vicarious Liability Against Defendant Denny's Inc.)

6.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through V above as though fully set forth at length.

6.2    Under information and belief, Defendants have an agreement by which Defendant J&D Restaurant, Inc. is an employee, agent, joint venturer, partner, subsidiary, or other related business entity of Denny's Inc., and Denny's Inc., has the power to exert control over J&D Restaurants, Inc's day to day operations.

6.3    Under information and belief, Defendant Denny's Inc. has and still has the ability to exert control over the J&D Restaurants, Inc.'s day to day operation by dictating the contents of its manuals and training programs, termination procedures for the franchise/business agreement, hours of operation, menus, signage, inspections, disciplinary procedures for employees, profit sharing and distribution, and direct involvement in complaints and claims made against J&D Restaurants, Inc. in addition to other aspects of their business operation.

6.4    Defendant Denny's Inc. is therefore vicariously liable for the actions of Defendant J&D Restaurants, its employees, and agents under agency theory.

COMPLAINT...15

## VII.   FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress Against all Defendants)

7.1     Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through VI above as though fully set forth at length.

7.2     The conduct of Defendants, their agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.  This includes threatening her job if she did not work with Defendant Weitman after he sexually harassed her and by ridiculing her for complaining, retaliating against her through adverse employment actions.

7.3     The conduct of Defendants, their agents, employees, and/or representatives, was intentional, willful, malicious and outrageous, and therefore, constitutes an intentional infliction of emotional distress of Plaintiff.  The conduct includes, but is not limited to, the actions of Defendant Cook and Defendant Martin and other employees at the subject store Plaintiff worked at.

7.4     As a direct and proximate result of Defendants' conduct, Plaintiff suffered a severe emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.  Plaintiff has and still is receiving treatment for said mental distress.

7.5     As a direct and proximate result of Defendants' acts and conduct, Plaintiff incurred and continues to incur loss of earnings, and loss of enjoyment of

COMPLAINT...16

life, all to said Plaintiff's general damages in an amount to be determined, according to proof at the time of trial.

7.6    The Defendants' conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at the time of trial.

7.7    As a further result of Defendants' above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

## VIII. SIXTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, and/or Training of Employees Against all Defendants)

8.1    Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through VII above as though fully set forth at length.

8.2    Defendants should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees, and therefore has knowledge of their potential harmful effect upon employees.

8.3    Defendants should have been aware that its employees and supervisors are creating a situation, which places Plaintiff in danger of having her rights violated.    Because of this awareness, Defendants should have taken protective measures to stop its employees' and supervisors' illegal conduct toward Plaintiff, specifically in relation to the harassment/discrimination regarding

COMPLAINT...17

Plaintiff's sex and gender, and the retaliatory actions taken against Plaintiff when she attempted to assert in good faith her legal rights as described in this Complaint.

8.4    Defendants knew or should have known that the conduct of its employees and supervisors, and agents might result in a violation of employee rights.    Defendants failed to institute sufficiently effective training programs, which may have identified its supervisors' and employees' illegal conduct and prevented further recurrences of discrimination and/or harassment, and may have allowed employees to file complaints about such conduct.

8.5    Defendant received notice that its employees and supervisors are engaging in conduct that violates Plaintiff's rights when she complained to her immediate supervisors and her later reported claim to the EOCC and IHRC.

8.6    Yet, Defendants failed to properly supervise and restrain its agents, supervisors and employees from their illegal discriminatory conduct, and then retaliated against Plaintiff when she attempted in good faith to assert her legal rights.

8.7    Defendants created an atmosphere whereby discrimination is allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorized and ratified such unlawful and tortuous discriminatory conduct toward Plaintiff.

COMPLAINT...18

8.8     As a result of each supervisor's employee's and agent's conduct and based upon the responsibility of Defendants, Plaintiff has suffered damages and suffered special compensatory and punitive damages in an amount subject to proof at trial.

8.9     Plaintiff has had to engage the services of attorneys to represent her in this matter and are entitled to an award of reasonable attorney's fees.

### IX.     PUNITIVE DAMAGES REQUESTED

9.1     Plaintiff hereby incorporates and re-alleges each and every allegation set forth in paragraphs I through VIII above as though fully set forth at length.

9.2     Under Idaho Code §6-1604(2), Plaintiff is entitled to punitive damages for Defendants' outrageous conduct.

### X.     CONCLUSION

Plaintiff is entitled to damages in an amount to be proven at trial, plus pre- and post-judgment interest, punitive damages, attorney fees and costs, and out-of-pocket expenses directly and proximately caused by Defendants' breach herein, in an amount to be proven at trial.

### XI.     JURY DEMAND

Plaintiff hereby demands a trial by not less than twelve (12) jurors.

### XII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

COMPLAINT...19

1.    Back pay, front pay, benefits, liquidated damages, compensatory damages, statutory and other recoverable damages as allowed by all applicable laws cited herein;

2.    Injunctive relief prohibiting future retaliation and enjoining present discrimination;

3.    Punitive damages;

4.    Attorney's fees and costs as allowed by all applicable laws cited herein;

5.    For past and future damages in excess of $10,000;

6.    For past and future medical expenses; emotion and mental distress; and special damages in an amount to be proven at trial;

7.    For pre-judgment and post-judgment interests; and,

8.    For judgment awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 23rd day of May, 2017.

MADSEN LAW OFFICES, PC                    PHELPS & ASSOCIATES, PS


Henry D. Madsen, ISBA#4428                 Douglas Phelps, ISBA#4755
Attorney for Plaintiff                     Attorney for Plaintiff
1044 Northwest Blvd, Ste B                 2903 North Stout Road
Coeur d'Alene, ID 83814                    Spokane, WA 99206
(208) 664-8080                             (509) 892-0467
(208) 664-6258 Facsimile                   (509) 921-0802 Facsimile

**COMPLAINT...20**

## VERIFICATION

STATE OF IDAHO        )
                      ) ss.
County of Kootenai    )


I, **CINDY CHILDS**, being first duly sworn on oath, deposes and says:

I am the Defendant in the above-captioned matter; I have read the foregoing

Answer to Complaint, know the contents thereof, and believe the same to be true to

the best of my knowledge.

CINDY CHILDS


SUBSCRIBED AND SWORN to before me this 22 day of _May_,
2017.



NOTARY PUBLIC
in and for the State of Idaho
residing at _Post Falls ID_
Commission Expires _6/19/21_


**COMPLAINT…21**